OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated January 11, 1982, and supporting attorney’s affidavit, the defendant moves for an order that the charge of violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law, now pending in the Town Court of the Town of Clifton Park, be prosecuted by indictment, and for an order holding the prosecution of a companion charge pending the disposition of the charge of driving while intoxicated.
Ironically, only Justice Robert A. Rybak, Clifton Park Town Justice, opposed the motion. By affidavit, dated January 30, 1982, Justice Rybak, inter alia, contends that the defendant will receive a fair trial in his court.
The defendant’s affidavit, in essence, alleges that the Justice’s conduct regarding this case has given the appearance of bias and a lack of impartiality.
Robert 0. Wilhelm, Assistant District Attorney, submitted a third affidavit, essentially bolstering the defense attorney’s affidavit in certain aspects.
In response, Justice Rybak has cogently contradicted the defendant’s factual allegations of improper acts, and without more, a hearing on the issue would be necessary.
*809 However, the nature and quality of Justice Rybak’s affidavit, not his factual presentation, requires this court to grant the defendant’s motion without hearing.
A Trial Justice “must be impartial and dispassionate and not appear as an advocate.” (People v Ohlstein, 54 AD2d 109, 113.)
The defendant’s factual allegations aside, Justice Rybak’s affidavit, wherein he states that he is submitting this affidavit “in opposition to a motion to have the Driving While Intoxicated charge be prosecuted by indictment pursuant to section 170.28 [sic] of the Criminal Procedure Law”, suggests excessive zeal. Further, in paragraph “8”, he cites case authority, however inapposite, purportedly supporting the position he has taken. Certainly opposition to a defendant’s motion, and the presentation of case authority supporting opposition is the function of the People and not the Judge, whose impartiality is being questioned.
In effect, the Trial Judge has allowed himself to become an advocate and de facto prosecutor pro hac vice.
Accordingly, the court finds that, in the interests of justice, the defendant’s motion, in all respects, should be granted.